IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SANDRA H. HUBBARD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:11-CV-290 (CAR) |
| GEORGIA FARM BUREAU | : | |
| MUTUAL INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION**

In light of the Supreme Court's recent decision in *University of Texas Southwestern Medical Center v. Nassar*,[1] Defendant Georgia Farm Bureau Mutual Insurance Company has moved for reconsideration [Doc. 29] of the Court's March 29, 2013 Order [Doc. 22] denying summary judgment for Defendant and allowing Plaintiff's two Title VII retaliation claims to proceed to trial during the August 19, 2013 trial term. The parties have fully briefed the Motion. Having thoroughly considered the parties' positions and the relevant law, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion [Doc. 29]. For the reasons explained below, Defendant is

---

[1] 133 S.Ct. 2517 (June 24, 2013).

entitled to summary judgment on Plaintiff's retaliation claim based on her report of sex discrimination, but triable issues of fact remain as to Plaintiff's retaliation claim based on her sexual harassment complaint.[2]

In *Nassar* the Supreme Court ruled that "Title VII retaliation claims must be proved according to the traditional principles of but-for causation," requiring "proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."[3] Because this Court originally evaluated Plaintiff's prima facie case under the lessened "motivating factor" causation standard applicable to Title VII status-based discrimination claims, it must now re-assess Plaintiff's prima facie case in light of the heightened "but-for" causation standard now applicable to Title VII retaliation claims.[4]

To establish a "but-for" causal relation, Plaintiff must prove that "the desire to retaliate was the "but-for" cause of [her termination]."[5]  Plaintiff can satisfy her burden if she can prove a "close temporal proximity" between the time her employer learned

---

[2] The Court incorporates the facts viewed in the light most favorable to Plaintiff as set forth in its original Order on Defendant's Motion for Summary Judgment dated March 29, 2013 [Doc. 22].
[3] *Id.* at 2533.
[4] Defendant argues that *Nassar* eliminated application of the *McDonnell-Douglas* analysis to Title VII retaliation claims based on circumstantial evidence like the ones at issue here.  The Court, however, does not agree.  *See Sims v. MVM, Inc.*, 704 F.3d 1327 (11th Cir. 2013) (holding it appropriate to continue to apply *McDonnell-Douglas* framework to ADEA cases after the Supreme Court's holding in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009), adopting same "but-for" causation in ADEA cases).
[5] *Nassar*, 133 S.Ct. at 2528.

about her protected activity and her discharge,[6] but this standard requires that the action be "very close."[7]

Plaintiff fails to satisfy her burden with regard to her retaliation claim based on her complaint of sex discrimination.  Plaintiff complained on September 18, 2008, and was terminated almost three months later on December 4, 2008.  Without more, this cannot meet the "very close" temporal proximity required to establish but-for causation.  In its original Order, the Court also cited evidence that only a week to ten days after her complaint, Board members began meeting with Plaintiff's direct supervisor about her employment. While this evidence, combined with the temporal proximity of less than three months, was enough to satisfy a "motivating factor" causation standard, it is not enough to satisfy the "but-for" causation standard. Indeed, the evidence indisputably shows that the meetings were also held to discuss Mrs. Stapleton's complaint letter regarding Plaintiff's unprofessional conduct—the very conduct for which Defendant maintains Plaintiff's refusal to apologize for was the reason she was terminated.  Additionally, the evidence shows that after Plaintiff complained about sex discrimination, both the Board and Plaintiff's direct supervisor independently acknowledged the inappropriate conduct and re-affirmed that Plaintiff

---

[6] *See Raspanti v. Four Amigos Travel, Inc.*, 266 F. App'x 820, 823 (11th Cir. 2008) (citing *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (FLSA retaliation case using but-for causation standard).
[7] *Id.* (citations omitted).

had no obligation to pay the secretary.  Accordingly, the Court finds no reasonable juror could determine that Plaintiff's termination would not have occurred if she had not complained of sex discrimination. Thus, Plaintiff fails to establish her prima facie case as to her retaliation claim based on her complaint of sex discrimination, and Defendant is entitled to judgment as a matter of law as to this claim.

The heightened "but-for" causation standard, however, does not change the Court's original reasoning or the ultimate conclusion regarding Plaintiff's retaliation claim based on her sexual harassment complaint.  The temporal proximity between Plaintiff's report of sexually offensive conduct on November 12, 2008, and her abrupt termination only three weeks later on December 4, 2008, satisfies the "very close" standard necessary to establish "but-for" causation. While temporal proximity alone meets this heightened standard, the evidence also shows Defendant made no effort to investigate Plaintiff's complaint despite her supervisor's contact with Defendant's human resources director and his representation that the director would meet with Plaintiff and investigate her complaint.  Moreover, no evidence exists showing Plaintiff exhibited any unprofessional or insubordinate actions or behavior warranting any kind of reprimand after she made this complaint.  Instead, the record shows Plaintiff continued to perform her job duties without incident.  From this evidence, a

reasonable jury could find that Defendant would not have terminated Plaintiff had she not complained of sexual harassment.

Defendant argues the indisputable reason it terminated Plaintiff is because she failed to apologize for her unprofessional conduct to an influential policy holder who threatened to remove his business if he did not receive an apology.  Defendant maintains that Plaintiff cannot meet the "but-for" causation standard because she cannot prove that if she had apologized, Defendant would have still terminated her for her alleged activities.   Plaintiff's burden, however, is to show that she would not have been fired but for her complaint of sexual harassment; as set forth above, Plaintiff has met her burden.  As explained in the original Order, Defendant's arguments must be presented to the jury in response to Plaintiff's claim that her failure to apologize is merely pretext for unlawful retaliation.[8]

In accordance with the foregoing, Defendant's Motion for Reconsideration [Doc. 29] is **GRANTED in part** and **DENIED in part**.  For the reasons explained herein, the Court **MODIFIES** its Order dated March 29, 2013, [Doc. 22] as follows: Defendant's Motion for Summary Judgment [Doc. 18] is **GRANTED in part** and **DENIED in part**.  Defendant is entitled to summary judgment on Plaintiff's retaliation

---

[8] The Court's pretext analysis with respect to this claim need not be re-addressed.

claim based on her report of sex discrimination, but triable issues of fact remain as to Plaintiff's retaliation claim based on her sexual harassment complaint.

The pre-trial conference of this case is scheduled for Thursday, August 8, 2013, at 10:00 a.m.  The parties' Proposed Pretrial Order[9] is due on Monday, August 5, 2013.

**SO ORDERED,** this 31st day of July, 2013.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH

---

[9] *See* Required Pretrial Order form at Doc. 23.